UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE E. BOYD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:12CV01217 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion attacking the validity of his sentence under Rule 60(d)(3) of the Federal Rules of Civil Procedure.  The motion will be summarily dismissed because it is, essentially, a successive motion under 28 U.S.C. § 2255.

Movant was found guilty, after a bench trial, of multiple offenses including being a felon in possession of a firearm, possession with intent to distribute cocaine, using false Social Security numbers, and evading currency transaction reporting requirements. See United States v. Boyd, No. 4:97CR301 SNL (E.D. Mo.).  Movant was sentenced to a total term of 276 months' imprisonment, 6 years' supervised released, and a $600 special assessment.  Id.  Movant's convictions and sentences were affirmed on direct appeal, United States v. Boyd, No.  98-3583 (8th Cir.), and movant was denied relief pursuant to 28 U.S.C. § 2255.  Boyd v. United States, 4:00CV985 SNL (E.D. Mo.).

Movant was denied a certificate of appealability both by this Court, <u>Boyd v. United States</u>, No. 4:00CV985 SNL (E.D. Mo.), and by the Eighth Circuit Court of Appeals, <u>Boyd v. United States</u>, No. 01-1671 (8th Cir.). In February 2009 movant filed a petition for writ of audita querela, which was summarily dismissed. <u>Boyd v. United States</u>, 4:09CV318 RWS (E.D. Mo.).

Movant again seeks to attack the validity of his sentence. In the instant motion, movant alleges that the Assistant United States Attorney perpetrated a fraud on the Court by misrepresenting the effect of his 1967 state criminal conviction. Movant argues, therefore, that he was improperly given an enhanced sentence as an armed career criminal.

Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal court's previous resolution of a claim on the merits. <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-32 (2005) ("Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."). Before movant may file an action in this Court attacking the validity of his sentence, he must first obtain

permission from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2255(h). Because movant does not have permission from the appeals court, the Court will summarily dismiss this action. 28 U.S.C. § 2255 Rule 4.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

An Order of Dismissal will be filed contemporaneously with this Memorandum and Order.

So Ordered this 13th day of July, 2012.

*/s/ E. Richard Webber*
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE